UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-2331-B |
| MARK ALLAN PLUMMER, EMILIO BARRERA, JR. (A/K/A MIKE BARRERA), PRT CONSULTING, LLC D/B/A PETROLEUM RESOURCES OF TEXAS, RICHMOND ENGINEERING, INC., TODD J. PRINCE, GEORGE RAUCH (F/K/A GEORGE B. FASCIANO), and TODD STUART BREITLING, | § § § § § § § § § § § | |
| Defendants. | § | |

### AGREED JUDGMENT AS TO DEFENDANT TODD J. PRINCE

The Securities and Exchange Commission filed a Complaint, and Defendant Todd J. Prince ("Defendant"): entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Agreed Judgment ("Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment. Accordingly:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C.

§ 78o(a)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such person is registered with the Commission as a broker or dealer in accordance with Section 15(b) of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that: the Court shall order Defendant to pay disgorgement of ill-gotten gains and prejudgment interest thereon; that the amount of disgorgement shall be determined by the Court upon motion of the Commission; and that prejudgment interest shall be calculated from October 1, 2020 based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Further, upon motion of the Commission, the Court shall determine whether a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] is appropriate and, if so, the amount of the penalty. In connection with the Commission's motion for remedies, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations

of the complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for remedies, the parties may take discovery, including discovery from appropriate non-parties.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**SO ORDERED.**

**SIGNED: December 6, 2021.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE