UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-2331-B |
| MARK ALLAN PLUMMER, EMILIO BARRERA, JR. (A/K/A MIKE BARRERA), PRT CONSULTING, LLC D/B/A PETROLEUM RESOURCES OF TEXAS, RICHMOND ENGINEERING, INC., TODD J. PRINCE, GEORGE RAUCH (F/K/A GEORGE B. FASCIANO), and TODD STUART BREITLING, | § § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Security and Exchange Commission ("SEC")'s Motion for Substituted Service and Finding That Service Has Been Effected (Doc. 26). The SEC seeks to serve Defendant Todd Stuart Breitling ("Breitling") by email, as authorized by Rule 106 of the Texas Rules of Civil Procedure, and for the Court to find that the SEC effected service on Breitling via emails sent on January 24, 2022, and February 4, 2022. For the reasons discussed below, the Motion is **DENIED WITHOUT PREJUDICE**.

## I.

## BACKGROUND

This is a securities fraud case. On September 30, 2021, the SEC filed its Complaint alleging several counts of securities fraud by Breitling and other defendants in connection with "a scheme to defraud more than 70 investors out of over $7 million through unregistered and fraudulent securities offerings relating to two oil and gas well projects." Doc. 1, Compl., ¶ 1. Also, on September 30, 2021, the SEC requested the Clerk to issue Summonses for all defendants, Doc. 3, Summons Request, and the Summonses were issued on October 1, 2021. Doc. 5, Summons Issued. All Defendants, except for Breitling, waived service. Docs. 6–9, 18–19, Waiver Serv.

On February 7, 2022, the SEC filed the instant motion seeking to serve Breitling by email pursuant to Texas Rule of Civil Procedure 106, and asking the Court to find that emails containing the service packets sent to toddstuartoil@gmail.com and stuarttbreitling@gmail.com on January 24, 2022, and February 4, 2022, respectively, properly effected service on Breitling. Doc. 26, Mot., 2, 4; Doc. 26-1, Reece Aff., ¶ 7; Doc. 26-4, 1, 3. In its motion, the SEC avers that it attempted to serve Breitling through a national process serving company, Cavalier Courier & Process Service ("Cavalier"), but the company was unable to locate Breitling at his believed Dallas, Texas address. Doc. 26, Mot., 1–2. Cavalier "search[ed] social media, proprietary, non-public databases, and other records to ascertain the most likely current residential and/or business addresses for Breitling in the United States." *Id.* at 2. From this search, Cavalier unsuccessfully attempted service at another address in Dallas, Texas; Breitling's mother's address in Farmersville, Texas; and two suspected

addresses of Breitling's children in Lewisville, Texas. Doc. 26-2, Wyatt Aff., ¶¶ 3, 5–8. The SEC has been unable to physically serve Breitling.[1]

During the SEC's investigation of this case, Breitling communicated via email through the three following addresses: (1) toddstuartoil@gmail.com; (2) stuarttbreitling@gmail.com; and (3) emiliobarreranyc@gmail.com.[2] Doc. 26, Mot., 2. He also "gave sworn testimony in the [SEC]'s investigation via WebEx" on January 15, 2021. *Id.* Breitling last communicated with the SEC on July 19, 2021, when the SEC notified Breitling of its intent to sue via the stuarttbreitling@gmail.com email address with the toddstuartoil@gmail.com email address carbon copied. *Id.* The SEC states that "Breitling has not responded to emails sent to his known email addresses" but "service packages [sent] to those addresses . . . have been delivered without issue." *Id.*

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize serving an individual in accordance with state law. Fed. R. Civ. P. 4(e)(1). Rule 106(b) of the Texas Rules of Civil Procedure provides for service by email as follows:

> Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
> . . .

---

[1] In a separate criminal case, Breitling "was indicted on two felony counts of fraud and conspiracy to commit identity theft" with a May 9, 2022, trial date. *Id.* at 3. Three days before filing its motion, the SEC "spoke with Breitling's court-appointed lawyer, who stated that his current whereabouts are unknown even to her." *Id.*

[2] The SEC does not seek to serve Breitling through this third email address, which belongs to a co-defendant of Breitling. Doc. 26, Mot., 2.

> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b). "In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." *Id.* comment to 2020 Change.

### III.

### ANALYSIS

Courts have authorized substitute service when "sufficient evidence to establish that notice sent to [an] address would be reasonably effective to give [the party] notice of the suit." *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993) (per curiam). Courts that have authorized service by email examined the record to determine whether (1) the plaintiff made diligent efforts to effect traditional service at a physical address and (2) the defendant recently used the email address. *Selippos Tech., Ltd. v. First Mountain Bancorp*, 2013 WL 1181469, at *3 (S.D. Tex. Mar. 20, 2013) (listing cases). Such courts have permitted service by email when the defendant uses the email address to conduct business, the email is verified as operational, or the defendant's attorney communicates with the plaintiff via that email. *See id.; Viahart v. Does*, 2020 WL 10692890, at *4 (E.D. Tex. June 17, 2020).

The SEC argues that service by email is authorized under Fed. R. Civ. P. 4(e)(1) and Tex. R. Civ. P. 106(b)(2). Doc. 26, Mot., 3. The SEC cites to three cases where a court authorized service by email. *Id.* at 3–4. Thus, the SEC contends that the Court should authorize service by email on Breitling and find that service is complete because the SEC emailed the service packets to

toddstuartoil@gmail.com on January 24, 2022, and stuarttbreitling@gmail.com on February 4, 2022, with confirmed deliveries. Doc. 26, Mot., 2–3; Doc. 26-1, Reece Aff., ¶ 7; Doc. 26-4, 1, 3.

The Court first addresses whether the SEC has shown the required diligence in attempting traditional forms of service before addressing whether service by email is reasonably certain to provide Breitling of actual notice of this suit.

A.   *The SEC Has Shown the Required Diligence in Attempting Service at a Physical Address.*

The SEC hired Cavalier to serve Breitling at an address in Dallas, Texas. Doc. 26-2, Wyatt Aff., ¶ 2. The residents at this address told Cavalier that they did not know Breitling. *Id.* ¶ 3. Cavalier then "search[ed] social media, proprietary, non-public databases, and other records" and identified another Dallas, Texas address along with Breitling's mother's address in Farmersville, Texas; and two suspected addresses of Breitling's children in Lewisville, Texas. Doc. 26-2, Wyatt Aff., ¶¶ 3, 5–8. At the second Dallas, Texas address, neighbors "stated that Breitling had been evicted two weeks prior to the attempt[ed]" service. *Id.* ¶ 5. At Breitling's mother's address, she told Cavalier "that she has only seen Breitling once or twice since 2017, and she could not provide any information regarding his current location." *Id.* ¶ 6. At the first Lewisville, Texas address, the resident stated "that she does not know Breitling, and she could not provide any information regarding his current location." *Id.* ¶ 7. At the final Lewisville, Texas address, "Cavalier made repeated attempts" at service, but "[t]here was no answer on any attempt, despite evidence that residents were present on at least one occasion." *Id.* ¶ 8.

The SEC exercised reasonable efforts to effect service on Breitling by attempting service at five different locations despite lacking knowledge of Breitling's location. *See Keller Williams Realty, Inc. v. Lapeer*, 2008 WL 2944601, at *1 (S.D. Tex. July 31, 2008) (finding the plaintiff acted

diligently in trying to serve the defendants despite "lack[ing] knowledge of [defendants'] physical addresses"). The Wyatt Affidavit clearly "show[s] that service has been attempted . . . but has not been successful." *See* Tex. R. Civ. P. 106(b); Doc. 26-2, Wyatt Aff. Therefore, the Court finds the SEC has diligently attempted service.

The Court now turns to address whether the SEC shows that service by email is reasonably certain to provide Breitling of actual notice of this suit.

B.      *The SEC Does Not Show That Breitling Recently Used the Email Addresses.*

In the first case cited by the SEC, the Ninth Circuit affirmed the decision of the district court authorizing service on a foreign business entity by email. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017–18 (9th Cir. 2002). The plaintiff first attempted service at the defendant's international courier office. *Id.* at 1013. Next, the plaintiff asked defendant's attorney to accept service on defendant's behalf, but the defendant's attorney declined. *Id.* Plaintiff then attempted service in Costa Rica, but discovered the defendant "preferred communication through its email address . . . and received snail mail . . . at the [international courier office] in Florida." *Id.* The district court authorized service through mail to the defendant's attorney and the international courier and the defendant's email address. *Id.* Finding the defendant "structured its business such that it could be contacted only via its email address[,]" the court affirmed the district court order authorizing service by email. *Id.* at 1018 (emphasis omitted).

In the second case, the court authorized service by "certified and regular first class mail" to defendant's residence, "certified and regular first class mail, and fax" to defendant's business, "certified and regular first class mail" to defendant's counsel, and email at defendant's known email address. *Selippos Tech., Ltd.*, 2013 WL 1181469, at *1–2. The court examined plaintiff's "diligent

efforts to effect traditional service at a physical address and . . . [whether] the defendant ha[d] recently communicated using the e-mail address proposed for service." *Id.* at *3. Finding the record established plaintiff's diligent efforts and that the defendant recently—within three months—used the email address, the court approved service by email in conjunction with the other forms of service. *Id.* at *1–3.

In the third case cited by the SEC, the court authorized service by email for an online business. *Collins v. Doe*, 2010 WL 4954727, at *1 (S.D. Tex. Nov. 30, 2010). The plaintiff provided defendant notice of the suit and recently communicated with the defendant by email. *Id.* Based on the record, the court found service by email "[wa]s reasonably likely to give the defendants actual notice of this suit." *Id.*

Each of the above cases is distinguishable from the facts before the Court today. In the cases cited by the SEC, the courts authorized service by email in addition to other forms of service, *Rio Props., Inc.*, 284 F.3d at 1013; *Selippos Tech., Ltd.*, 2013 WL 1181469, at *2–3, or the defendant had no known physical address and conducted business online, *Rio Props., Inc.*, 284 F.3d at 1018; *Collins*, 2010 WL 4954727, at *1, and/or the defendant recently communicated with the plaintiff with the email address. *Selippos Tech., Ltd.*, 2013 WL 1181469, at *3; *Collins*, 2010 WL 4954727, at *1. Here, the SEC requests only service by email and does not evince that Breitling conducts business online or communicated recently with the SEC at any of the email addresses. *See* Doc. 26, Mot. The last email from Breitling occurred on July 19, 2021, over six months before the SEC filed this motion. Doc. 26-3, Ex. 2. Accordingly, the SEC has not established that Breitling so *recently* used the email address that there is a reasonable certainty that Breitling will have actual notice of this suit. *See* Tex.

R. Civ. P. 106 comment to 2020 Change; *Selippos Tech., Ltd.*, 2013 WL 1181469, at *3; *Collins*, 2010 WL 4954727, at *1.

In sum, while the SEC provided evidence of diligence in attempting to physically serve Breitling at five locations, the SEC has not proven that Breitling recently used either proposed email address and that service was effected. Accordingly, the SEC's motion is **DENIED**.

## IV.
## CONCLUSION

For the reasons set forth above, the SEC's Motion for Substituted Service and Finding That Service Has Been Effected (Doc. 26) is **DENIED WITHOUT PREJUDICE**. By denying the motion without prejudice, the Court allows the SEC to file an amended motion addressing the deficiencies identified in this Order. Further, the Court **ORDERS** that the SEC's deadline to serve Breitling be extended to **Thursday, March 14, 2022,** so that it may continue to attempt to serve Breitling in the interim.

**SO ORDERED.**

**SIGNED: February 14, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE