UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-2331-B |
| | § | |
| MARK ALLAN PLUMMER, EMILIO BARRERA, JR. (A/K/A MIKE BARRERA), PRT CONSULTING, LLC D/B/A PETROLEUM RESOURCES OF TEXAS, RICHMOND ENGINEERING, INC., TODD J. PRINCE, GEORGE RAUCH (F/K/A GEORGE B. FASCIANO), and TODD STUART BREITLING, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Security and Exchange Commission ("SEC")'s Amended Motion for Substituted Service (Doc. 32). The SEC seeks to serve Defendant Todd Stuart Breitling ("Breitling") by email or publication, as authorized by Rule 106 of the Texas Rules of Civil Procedure. For the reasons discussed below, the Motion is **GRANTED**.

## I.

## BACKGROUND

This is a securities fraud case. On September 30, 2021, the SEC filed its Complaint alleging several counts of securities fraud by Breitling and other defendants in connection with "a scheme to defraud more than 70 investors out of over $7 million through unregistered and fraudulent securities

offerings relating to two oil and gas well projects." Doc. 1, Compl., ¶ 1. Also on September 30, 2021, the SEC requested the Clerk to issue Summonses for all Defendants, Doc. 3, Summons Request, and the Summonses were issued on October 1, 2021. Doc. 5, Summons Issued. All Defendants, except for Breitling, waived service. Docs. 6–9, 18–19, Waiver Serv.

On February 7, 2022, the SEC filed a motion seeking to serve Breitling by email pursuant to Texas Rule of Civil Procedure 106, and asking the Court to find that emails containing the service packets sent to toddstuartoil@gmail.com and stuarttbreitling@gmail.com on January 24, 2022, and February 4, 2022, respectively, properly effected service on Breitling. Doc. 26, Mot., 2, 4; Doc. 26-1, Reece Aff., ¶¶ 6–7; Doc. 26-4, Registered Receipt, 1, 3. The Court denied the motion without prejudice because "the SEC request[ed] only service by email and d[id] not evince that Breitling conducts business online or communicated recently with the SEC at any of the email addresses." *SEC v. Plummer*, 2022 WL 447077, at *3 (N.D. Tex. Feb. 14, 2022). Since the denial of the SEC's original motion, the SEC sent emails through a registered email program to toddstuartoil@gmail.com and stuarttbreitling@gmail.com that demonstrates proof of delivery and opening. Doc. 32-1, Ex. 1, Registered Receipt, 1. Further, the United States Attorney's Office "has not yet located Breitling." Doc. 32, Am. Mot., 2–3; *see* Doc. 32-1, U.S. Att'y Emails, Ex. 3, 1–2.

The SEC filed the instant amended motion seeking to serve Breitling by email or, alternatively, "by publication in a Dallas County newspaper." Doc. 32, Am. Mot., 5. The Court considers the Motion below.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize serving an individual in accordance with state law. Fed. R. Civ. P. 4(e)(1). Rule 106(b) of the Texas Rules of Civil Procedure provides for service by email as follows:

> Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>
> . . .
>
> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b). "In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." *Id.* comment to 2020 Change.

## III.

## ANALYSIS

Courts have authorized substitute service when "sufficient evidence . . . establish[es] that notice sent to [an] address would be reasonably effective to give [the party] notice of the suit." *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993) (per curiam). Courts that have authorized service by email examined the record to determine whether (1) the plaintiff made diligent efforts to effect traditional service at a physical address and (2) the defendant recently used the email address. *Selippos Tech., Ltd. v. First Mountain Bancorp*, 2013 WL 1181469, at *3 (S.D. Tex. Mar. 20, 2013) (listing cases). Such courts have permitted service by email when the defendant uses the email

address to conduct business, the email is verified as operational, or the defendant's attorney communicates with the plaintiff via that email. *See id.; Viahart v. Does*, 2020 WL 10692890, at *4 (E.D. Tex. June 17, 2020).

The SEC argues that service by email is warranted under Fed. R. Civ. P. 4(e)(1) and Tex. R. Civ. P. 106(b)(2). Doc. 32, Am. Mot., 2–3. Alternatively, the SEC argues that "substitute service by publication is warranted" because Breitling's address is unknown. *Id.* at 4–5. Thus, the SEC contends that the Court should authorize service by email on Breitling or authorize service by publication in a Dallas County newspaper. *Id.* at 5.

Because the Court previously found the SEC exercised the required diligence to serve Breitling, and the SEC has continued to try to serve Breitling since the denial of the original motion for substitute service, the Court only addresses whether service by email or publication is reasonably certain to provide Breitling of actual notice of this suit. *See Plummer*, 2022 WL 447077, at *1; Doc. 30, Mot. Extend Time, 3 (requesting an extension of time to effect service on a date after Breitling's hearing in his criminal case); Doc. 31, Elec. Order (extending time to effect service).

*A. The SEC Shows That Breitling Recently Used the Email Addresses.*

In the prior motion for service by email, the SEC provided evidence that Breitling had used the email addresses over six months before their motion and the Court found such a temporal gap failed to establish that Breitling recently used the email addresses. *Plummer*, 2022 WL 447077, at *3. However, the instant motion provides evidence that one of the email addresses was used just over two months ago. Doc. 32-1, Registered Receipt, Ex. 1, 1 (showing delivery and opening of an email to toddstuartoil@gmail.com on March 14, 2022).

With this new evidence, the Court finds service by email sufficient to apprise Breitling of this case. The SEC has shown that the email addresses belong to Breitling and he recently used one of them on March 14, 2022, when an email to that address was opened. *See* Doc. 32-1, Registered Receipt, Ex. 1, 1; Tex. R. Civ. P. 106(b), comment to 2020 Change. Accordingly, the SEC's motion is **GRANTED** to authorize service by email to both of Breitling's known email addresses. Because the Court authorizes service by email, it need not consider whether service by publication is also warranted.

## IV.

## CONCLUSION

For the reasons set forth above, the SEC's Amended Motion for Substituted Service (Doc. 32) is **GRANTED**. The Court authorizes the SEC to serve Breitling at the stuarttbreitling@gmail.com and toddstuartoil@gmail.com email addresses. Further, the Court **ORDERS** that the SEC's deadline to serve Breitling be extended to **Monday, June 27, 2022,** so that it may continue to attempt to serve Breitling.

**SO ORDERED.**

**SIGNED: May 23, 2022.**

**JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**