UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-2331-B |
| MARK ALLAN PLUMMER, EMILIO BARRERA, JR. (A/K/A MIKE BARRERA), PRT CONSULTING, LLC D/B/A PETROLEUM RESOURCES OF TEXAS, RICHMOND ENGINEERING, INC., TODD J. PRINCE, GEORGE RAUCH (F/K/A GEORGE B. FASCIANO), and TODD STUART BREITLING, | § § § § § § § § § § | |
| Defendants. | § | |

## AGREED JUDGMENT AS TO
## GEORGE RAUCH (F/K/A GEORGE B. FASCIANO)

The Securities and Exchange Commission filed a Complaint and Defendant George Rauch (f/k/a George B. Fasciano): entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Agreed Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction, which he admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment. Accordingly:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Rauch is

restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. §78o(a)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such person is registered with the Commission as a broker or dealer in accordance with Section 15(b) of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Rauch's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Rauch or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from October 1, 2021, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the

validity of this Consent or the Agreed Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

SO ORDERED.

SIGNED: December 19, 2022.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE