**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

                             Cause No.:  3:21-cv-02331-B

MARK ALLAN PLUMMER, EMILIO
BARRERA, JR. (A/K/A MIKE BARRERA),
PRT CONSULTING, LLC D/B/A PETROLEUM
RESOURCES OF TEXAS, RICHMOND
ENGINEERING, INC., TODD J. PRINCE,
GEORGE RAUCH (F/K/A GEORGE B.
FASCIANO), and TODD STUART BREITLING,

      Defendants.

**FINAL JUDGMENT AS TO**
**GEORGE RAUCH (F/K/A GEORGE B. FASCIANO)**

The Court has issued an Agreed Partial Judgment against Defendant George Rauch (f/k/a

George B. Fasciano) ("Defendant"). Now before the Court is Plaintiff Securities and Exchange

Commission's ("Commission") Motion for Monetary Remedies and Entry of Final Judgment

("Motion"). Based on all the files, records, and proceedings herein, the Court **GRANTS** the

Motion as relevant to Defendant and enters Final Judgment against Defendant as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is restrained

and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act[15 U.S.C.

§78o(a)], by using any means or instrumentality of interstate commerce, or of the mails, or of any

facility of any national securities exchange to effect any transactions in,  or to induce  or attempt to

induce the purchase or sale of, any security (other than an exempted security or commercial

paper, bankers' acceptances, or commercial bills) unless such person is registeredwith the

Commission as a broker  or dealer in  accordance with Section  15(b)  of  the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided  in

Federal Rule  of Civil  Procedure 65(d)(2),  the foregoing  paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or participation

with Defendant or with  anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant is liable to pay disgorgement of $219,900,[1] representing net profits gained as a result

of the conduct alleged in the Complaint, together with prejudgment interest thereon in the

amount of $21,272.66, and a civil penalty in the amount of $75,000 pursuant to Section 20(d) of

the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C.

§ 78u(d)(3)].  Defendant shall satisfy this obligation by paying $316,172.66 to the Securities and

Exchange Commission within 30 days after entry of this Judgment.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

---

[1] The Court overrules Defendant's objections as to the Commission's proposed disgorgement amount. Doc. 61, Rauch Resp., 1–3. The Commission, through sufficient evidence, has reasonably approximated Defendant's unjust enrichment and Defendant fails to rebut the proposed disgorgement as unreasonable. *SEC v. Hallam*, 42 F.4th 316, 341 (5th Cir. 2022); Doc. 52, App'x, ¶¶ 6–9 ,13, 16; Doc. 65-1, Supp. Decl., ¶ 5. While Defendant complains the Commission has not reduced the proposed disgorgement "by any expenses and costs," Doc. 61, Rauch Resp., 4, he fails to provide evidence of business costs incurred, let alone a reason why those costs are to be considered in the calculation of net profits.

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant's name as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.   Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

SO ORDERED.

SIGNED: February 20, 2024.


_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE